UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANGELIQUE CRUZ QUIMSON; ZENAIDA DELOS ANGELES,

        Plaintiffs,

  vs.

CTX MORTGAGE COMPANY, LLC, et al.,

        Defendants.

Case No.: 2:12-cv-00201-GMN-PAL

**ORDER**

Before the Court is the Motion to Dismiss (ECF No. 5) filed by Defendants Bank of America, N.A., The Bank of New York Mellon, ReconTrust Company, N.A., and Mortgage Electronic Registration System, Inc.  Plaintiffs, who are representing themselves pro se, have not filed a Response to the Motion to Dismiss.  Defendants have, however, filed a Notice of Non-Opposition (ECF No. 14).  For the reasons that follow, the Motion to Dismiss will be granted, and Plaintiffs' Complaint will be dismissed.

**I.**    **BACKGROUND**

This lawsuit was originally filed on February 8, 2012 in this Court.  Plaintiffs' Complaint alleges a number of causes of action against Defendants related to the foreclosure proceedings that were initiated against Plaintiffs' property.

On March 19, 2012, Defendants filed a Motion to Dismiss (ECF No. 5).  Pursuant to D. Nev. R. 7-2(b), Plaintiffs had fourteen days after service of the Motion to file a Response; therefore, Plaintiffs had until April 5, 2012 to file a Response.  Not only did Plaintiffs fail to meet this deadline, Plaintiffs have failed to file any Response at all.

**II.**    **DISCUSSION**

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and

authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiffs' failure to timely respond to Defendants' motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Less drastic sanctions available to the Court include dismissal of Plaintiffs' Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiffs because it is not clear that this case was likely to be decided on the merits.  Plaintiffs brought the lawsuit in this Court, and have failed to take any action after their Complaint was filed.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.  However, in consideration of Plaintiffs' pro se status, the Court will dismiss Plaintiffs' Complaint without prejudice.

/ / /

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 5) is **GRANTED**. Plaintiffs' Complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly.

**DATED** this 10th day of April, 2012.

_____
Gloria M. Navarro
United States District Judge